Lyman E. WAGERS, Jr., Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 98–SC–547–KB.

Supreme Court of Kentucky.

Sept. 3, 1998.

***OPINION AND ORDER***

On October 30, 1997, Movant Lyman E. Wagers, Jr., was charged with a felony by

the United States Attorney for the Eastern District of Kentucky. The felony charged was the knowing possession of three or more books, magazines, periodicals, films, videotapes, or other matter which contained visual depictions that had been mailed, or had been shipped or transported in interstate or foreign commerce by any means, including computer, which visual depictions involved the use of minors engaging in sexually explicit conduct. 18 U.S.C. § 2252(a)(4)(B).

On October 31, 1997, Movant entered a guilty plea to this charge. On January 30, 1998, Movant was sentenced to one year and one day in jail and a ten thousand dollar ($10,000.00) fine. Movant reported to a federal correctional facility in April 1998, and is currently serving his sentence.

On April 30, 1998, the Inquiry Tribunal charged movant with one count of violating SCR 3.130–8.3(b). SCR 3.130–8.3(b) provides that it "is professional misconduct for a lawyer to: commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Movant has acknowledged that his conduct violated SCR 3.130–8.3(b).

Movant has requested that the disciplinary proceeding now pending against him be terminated by an order of this Court which sustains his motion to resign under terms of disbarment. Movant agrees to not seek reinstatement of his license to practice law for a period of five (5) years following the entry of an order by this Court sustaining his motion to resign under terms of disbarment. Movant agrees to pay all costs associated with any disciplinary investigation and proceeding as per SCR 3.450. Movant agrees to comply with the provisions of SCR 3.390 to the extent he has not already done so, and to inform any clients for whom he is actively involved in litigation or similar matters of his inability to continue to represent them. Movant agrees to similarly inform all courts before which he has pending matters of his disbarment. Movant shall make such notification by United States Mail within ten (10) days of the effective date of the order of disbarment and will provide the Director of the Kentucky Bar Association with a copy of all such letters. Movant shall provide the Director with a statement of compliance if all clients have been notified.

Having reviewed the record, we conclude that the evidence supports the recommendation of the Kentucky Bar Association and we grant the movant's motion to resign under terms of disbarment as discussed in this Opinion and Order.

Therefore, it is ordered that Movant hereby disbarred from the practice of law in the Commonwealth of Kentucky.

It is further ordered that in regard to each of the charges:

1) Movant shall not be permitted to engage in the practice of law in Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his license and membership.

2) Any application for reinstatement shall be governed by SCR 3.520 or any subsequent amendment thereto regarding reinstatement in case of disbarment.

3) In accordance with SCR 3.450 and SCR 3.480(3), Movant is directed to pay all costs associated with this disciplinary proceeding against him. Upon finality of this opinion and order, execution may issue from this Court for said costs.

4) Pursuant to SCR 3.390, Movant is hereby ordered to provide notice to clients that he currently represents, if applicable, of his inability to perform legal services, to notify all courts in which he has matters pending of his disbarment, and to provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneous to their mailing.

All concur.

ENTERED: September 3, 1998.

/s/ Robert F. Stephens
Chief Justice